# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ENES DE OLIVEIRA CABRAL,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-4391** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                          **June 30, 2026**

## <u>MEMORANDUM</u>

Petitioner Enes De Oliveira Cabral filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 at 18 [hereinafter Pet.].  De Oliveira Cabral alleges, among other things, that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process rights and the Immigration and Nationality Act ("INA").  *Id.* ¶¶ 43–63.

De Oliveira Cabral is a noncitizen from Brazil.  Pet. ¶ 17.  He entered the United States on June 22, 2022 at the U.S.-Mexico border with his partner and child.  *Id*. ¶ 17.  De Oliveira Cabral was apprehended by DHS officers, placed in removal proceedings, and released on his own recognizance.  *Id.* ¶ 18.  Thereafter, he and his family filed an application for asylum that remains pending.  *Id*. ¶ 19–20.  On June 24, 2026—more than four years after De Oliveira Cabral entered the country—ICE detained him without notice and without a reason for his detention during a scheduled check-in with ICE.  *Id.* ¶ 21.

On the Government's view, De Oliveira Cabral is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also* ECF No. 4 at 7–10 [hereinafter Government's Resp.]. De Oliveira Cabral challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a). Pet. ¶ 24–31.

The Government argues, unconvincingly, that De Oliveira Cabral is detained under § 1225(b)(2) because he is, on the Government's view, an "applicant for admission." Government's Resp. at 10. As the Government acknowledges in its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at \*2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 5 (noting that "courts in this district (and many elsewhere) have concluded that § 1225(b)(2)(A) does not apply . . . ."). Moreover, De Oliveira Cabral has been in the United States for more than four years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at \*2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that De Oliveira Cabral's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025).

This Court therefore grants De Oliveira Cabral's request for immediate release, given that

his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that De Oliveira Cabral is a harm to the community or a flight risk.  Moreover, ICE is enjoined from detaining De Oliveira Cabral under 8 U.S.C. § 1226(a) for seven days following his release.